```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION
```

NICHOLAS COMPTON,              )
                               )
Petitioner,                    )
                               )
vs.                            )    NO. 3:08-CV-256
                               )
SUPERINTENDENT,                )
                               )
Respondent.                    )

**OPINION AND ORDER**

This matter is before the Court on the Petition Under Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody Seeking Review of a Prison Disciplinary Sanction, filed by Petitioner, Nicholas Compton, a *pro se* prisoner, on May 23, 2008. For the reasons set forth below, the petition (DE# 1) is **DENIED**.

BACKGROUND

Petitioner, Nicholas Compton, was found guilty of violating a state law (IC 35-44-2-2 False Reporting or Informing) in violation of A100 by the Westville Disciplinary Hearing Body ("DHB") on February 13, 2008 in case number WCF 08-01-0579. As a result, he was deprived of 180 days of earned credit time and demoted in credit class.[1] After being denied relief by the Indiana Department

---

[1] Though Compton states that he was placed in segregation and lost phone privileges for six months, habeas relief is only available for punishment which lengthens the duration of confinement. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Because neither his placement in segregation nor lost telephone privileges extended his sentence, he was not entitled to due process before those

of Correction administrative appeals process, he brought this habeas corpus petition.

DISCUSSION

Compton argues that the conduct report does not support the charge, that there was insufficient evidence to find him guilty, that the report was written in retaliation, that he did not break the law, and that it was a violation of prison policy to have issued this conduct report.

As an initial matter the Supreme Court, in *Wolff v. McDonnell*, 418 U.S. 539 (1974), only requires that a conduct report provide advance notice of sufficient facts to inform the accused of the behavior with which he is charged. Here, the conduct report provides a detailed description of how Compton called his mother and asked her to report that an officer by the name of Canady got in his face, cussed at him, hung up the telephone, and threatened him. This report provides more than adequate notice of the factual basis for the charge.

Compton argues that there is insufficient evidence to have found him guilty. He argues that there is nothing that shows that he gave any false information. He alleges that he only stated what happened to him.

---

actions were taken. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) ("Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law.")

2

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Therefore, it is not for this Court to judge the credibility of Compton's statements nor to weigh his testimony against that of the guards. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

Here, the report states that Officer Canady "did not cuss offender Compton #966541 or pull him from the phone" and that "Sgt. Luscomb stated she took the phone from Compton and hung it up not Canady." (DE# 1-2 at 6). This evidence, combined with Compton's request that his mother call and report Canady is some evidence of false reporting. Though Compton disagrees with these facts, the DHB had some evidence to support its finding of guilt and this Court will not re-weigh the evidence. Compton argues that it was not he, but his mother who filed the report, but there is some evidence that it was he that provided her with the information and asked her to make the report.

Compton argues that this conduct report was written out of retaliation because he has had an ongoing problem with Officer Canady.

3

> [P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.

*McPherson*, 188 F.3d at 787. Thus, even if the report was written with retaliatory animus, that is not an independent basis for habeas corpus relief.

Finally, Compton argues that prison policy required that this offense should have been charged as a C-350 rather than an A-100. Even if prison officials violated their own rules, such violations are not a basis for relief because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, this is not a basis for habeas corpus relief.

When "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." SECTION 2254 HABEAS CORPUS RULE 4.

CONCLUSION

For the reasons set forth above, the petition (DE# 1) is **DENIED**.

**DATED: February 12, 2009** /s/RUDY LOZANO, Judge
**United States District Court**